UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE CHOATE | NO. 4:11-CV-2118 |
| WARREN CHOATE, Co-Administrators | |
| of the Estate of Brock Choate | JUDGE CONNERS |
| | |
| v. | MAGISTRATE JUDGE METHVIN |
| | |
| SHAYNE BREAUX | |

REPORT AND RECOMMENDATION
ON MOTION TO DISMISS
(Doc. 7)

Jane Choate and Warren Choate, as co-Administrators of the Estate of Brock Choate, their deceased son, filed this action on November 11, 2011 (Doc. 1). The complaint is a negligence, wrongful death and survival action. Named as defendant is Shayne Breaux, a resident of Texas. The complaint avers that Brock was a passenger in a vehicle driven by Breaux; that Breaux was intoxicated and lost control of the vehicle, causing it to roll over; that Brock was thrown from the vehicle, landing in a roadway; that Brock was then struck by a tractor-trailer driven by Max Smith, suffered fatal injuries, and died that day. Plaintiffs name only Breaux as a defendant to this action and allege diversity jurisdiction pursuant to 28 U.S.C. §§ 1332.

2

On November 14, 2011, three days after filing the instant complaint, plaintiffs filed a Praecipe for writ of summons[1] in the Centre County Court of Common Pleas, naming as defendants Breaux, Smith (the truck driver), and several trucking companies who allegedly employed Smith. Smith is a Pennsylvania citizen, and at least one of the employer corporations is incorporated in Pennsylvania.[2] A formal complaint has not yet been filed in the state action.

Before the court is Breaux's motion to dismiss the instant federal action.[3] The motion has been referred to the undersigned for a report and recommendation and is now ripe for disposition.

---

[1] A civil suit may be commenced in a Pennsylvania court by filing with the prothonotary either of two documents: (i) a praecipe for a writ of summons; or (ii) a complaint. Pa. R. Civ. P. 1007. The praecipe for writ of summons merely requires notice that the plaintiff has commenced a lawsuit against the defendant. Pa. R. Civ. P. 1351. It therefore differs from a complaint which sets forth in some detail the claim for relief. Pa. R. Civ. P. 1019; see also *Stransky v. American Isuzu Motors, Inc.*, 821 F.Supp. 1103 (E.D. Pa.1993)

[2] Also named in the writ are YRC Worldwide, Inc., a corporation headquartered in Kansas; YRC Regional Transportation, corporation headquartered in Kansas; YRC, Inc., a Delaware corporation; and New Penn Motor Express, Inc., a Pennsylvania corporation.

[3] Breaux filed a motion to dismiss on December 8, 2011 (Doc. 7) along with a supporting brief (Doc. 8). Plaintiffs filed a brief in opposition to the motion on December 22, 2011 (Doc. 9), to which Breaux filed a reply brief on January 5, 2012 (Doc. 10).

3

**FINDINGS AND RECOMMENDATIONS**

**I. Background**

For purposes of the motion to dismiss, plaintiffs' factual averments will be accepted as true. Plaintiffs make the following allegations in their complaint:

On or about November 17, 2009, Brock Choate was a front seat passenger in a vehicle operated by Breaux. (Doc. 1 ¶ 13). Breaux had consumed alcohol prior to operating the vehicle. (*Id*. ¶ 14). The Breaux vehicle was traveling north on State Route 8015 and proceeded to an on-ramp to State Route 99 in Benner Twp., Centre County, Pennsylvania. (*Id*. ¶ 15). Breaux's vehicle veered off the east side of the road, back into the lane of travel, off the west side of the road, and then rolled. (*Id*. ¶ 16). It came to a rest on its roof in the grass at the bottom of an embankment between Rts. 8015 and 99. (*Id*.). Brock was thrown from the vehicle and landed in the northbound lane of Rt. 99, where he was struck by a tractor trailer. (*Id*. ¶ 17). The tractor trailer was driven by Max Smith, a Pennsylvania resident. As a result, Brock suffered fatal injuries and died that day. (*Id*. ¶ 18).

Breaux pleaded guilty to homicide by vehicle and DUI and is currently incarcerated at SCI-Camp Hill. (*Id*. ¶ 10).

Plaintiffs seek compensatory and punitive damages and attorneys fees.

## II. Issues Presented

Defendants assert the following grounds for dismissal:

A. The complaint should be dismissed pursuant to FRCP 12 (b)(7) and 19 for failing to join an indispensable party.

B. The complaint should be dismissed under Rule 12 (b)(1) based upon the doctrine of lis pendens.

C. The complaint should be dismissed under the abstention doctrine.

## III. Standard of Review

Federal Rule of Civil Procedure 12(b)(7) provides that a proper basis of dismissal is "failure to join a party under Rule 19." FRCP 12(b)(7). Compulsory joinder is an exception to the general rule that the plaintiff has the right to choose whom to sue. *See* 7 Fed. Prac. & Proc. Civ. § 1602 (3d ed.). Rule 19 promulgates the considerations a court must undertake to properly ascertain whether a party's joinder is necessary, and empowers the court to order such action be taken if feasible. See FRCP 19; *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 107, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 938 (3d Cir.1994).

Federal Rules of Civil Procedure 12(b)(7) and 19, acting in conjunction, allow a court to dismiss a case for failure to join a party in whose absence the court cannot accord complete relief, or whose interest in the dispute is of such a

nature that to proceed without their presence could prejudice that party or others. *See* FRCP 12(b)(7) and 19. The moving party bears the burden to show that dismissal is proper. *Disabled in Action v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir.2011).

In reviewing a motion made under Rule 12(b)(7), a court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Pitts. Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F.Supp.2d 613, 618 (W.D. Pa. 2009) (citing *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 F. App'x. 803, 805 (3d Cir.2003)). Furthermore, a court may consider "relevant, extra-pleading evidence" when ruling on a Rule 12(b)(7) motion. *Citizen Band Potawatomi Indian Tribe of OK v. Collier*, 17 F.3d 1292, 1293 (10th Cir.1994) (citation omitted); *see also Davis Cos. v. Emerald Casino*, Inc., 268 F.3d 477, 479 n. 2, 480 n. 4 (7th Cir.2001); *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 201 F.R.D. 337, 339–40 (D. Del.2001).

Breaux also brings his motion to dismiss under Rule 12(b)(1) which provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

FRCP 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." FRCP 12(b)(1). A motion to dismiss under Rule 12(b) (1) therefore challenges the power of a federal court to hear a claim or case. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir.2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir.2000); *see also Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Rule 12(b)(1) motions may take one of two forms. A "facial" attack "contests the sufficiency of the pleadings." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 2009 WL 467171, at *4–5 (3d Cir. Feb.26, 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006)). The court assumes the veracity of the allegations in the complaint but must examine the pleadings to ascertain whether they present an action within the court's jurisdiction. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. *Empire*

7

*Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa.*, 285 F. Supp.2d 573, 577 (M.D. Pa.2003); *see also Kehr Packages*, 926 F.2d at 1408–09. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. *See Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir.2000).

In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir.2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's ... very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891; *see also Atkinson*, 473 F.3d at 514.

**IV. Discussion**

*(A) Joinder of an indispensable party*

Defendant Breaux seeks dismissal of the complaint under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure on grounds that plaintiffs failed to join truck driver Max Smith and his employers, who are indispensable non-diverse parties that destroy this Court's diversity jurisdiction.

Plaintiffs contend that it is not necessary for all joint tort-feasors to be named as defendants in a single lawsuit, and that defendants bear the burden of showing that a non-party is both necessary and indispensable.

Federal Rule of Civil Procedure 19 governs required joinder of parties. It provides:

> **Rule 19 Required Joinder of Parties**
>
> **(a) Persons Required to Be Joined if Feasible.**
>
> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> \* \* \* \* \*
>
> **(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the

9

existing parties or should be dismissed. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FRCP 19.

Analysis under Rule 19 is a two-step process: the first inquiry is whether a party "should be joined if 'feasible' under Rule 19(a)," or, in other words, whether the party is "necessary." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir.1993).[4] Second, if the party should be joined but joinder is not feasible, then the court must decide whether the party is 'indispensable' under

---

[4] The current iteration of Rule 19 does not use the word "necessary," but rather parties who should be joined if feasible. The term necessary in referring to a Rule 19(a) analysis harks back to an earlier version of Rule 19.

10

Rule 19(b)." *Tellett Prebon PLC v. BGC Partners, Inc.*, No. 10-3143, 2011 WL 1831590, at *2 (3d Cir. May 13, 2011) (citing *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007)).

Because Rule 19(a) and Rule 19(b) are sequential, an affirmative finding under Rule 19(a) is a "necessary predicate to a district court's discretionary determination under Rule 19(b)." *Janney*, 11 F.3d at 405. Therefore, a court need only reach an inquiry of whether an action must be dismissed under Rule 19(b) if the absent party is "necessary" under Rule 19(a). *Id*.

(*1*) *Should Smith be joined under Rule 19(a)?*

Where liability is joint and several among multiple parties, a court may grant complete relief with respect to any one of them subject to policy limits. *Janney*, 11 F.3d at 406 (citing cases for proposition that where liability is joint and several, a plaintiff may sue them separately in federal court). Thus, with respect to Rule 19 (a)(1)(A), complete relief can be accorded among those already parties to this case. *See Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir.1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.").

11

Under subsection (a)(1)(B)(i), the court must determine whether the non-parties will be impaired or impeded from protecting their interests in the subject matter of the litigation. *See* FRCP 19(a)(2)(i). However, none of the non-parties have claimed any interest in the subject matter of the federal litigation, nor have persuasive argument establishing that Smith or his employer(s) will be impaired or impeded if the action proceeds in their absence been made.

Rule (a)(1)(B) requires the court to take into consideration the effect that resolution of the dispute among those parties before it may have on any absent parties. *See* FRCP 19(a)(1)(B).With respect to (a)(1)(B)(ii), an examination of whether proceeding without joining the absent parties will leave the parties "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" must be made. The fact that plaintiffs did not name Smith or the trucking companies as joint tortfeasors is not a reason to dismiss this action. "It has long been the rule that it is not necessary for all joint tortfeasors to be named in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990); *see also Huber v. Taylor*, 532 F.3d 237, 249–50 (3d Cir.2008). *See also* See FRCP 19 advisory committee's notes ("a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability").

12

Plaintiffs contend that because they can recover only one time, and any federal judgment would be *res judicata* in the state action, defendants have failed to show that Breaux would be subject to inconsistent obligations. Plaintiffs also state that Breaux will be dismissed from the state action upon a successful outcome against him in the present action. In the interim, however, Breaux will be required to participate in and defend against both cases. Parallel litigation in state court proceedings is often taken into consideration in analyzing subsection 19(a)(2)(ii). *See, e.g., Wheaton v. Diversified Energy, LLC*, 215 F.R.D. 487, 491 (E.D.Pa.2003).

The purpose of Rule 19 is to aggregate into the litigation all the parties whose joinder is necessary for a just adjudication. *Massaro v. Bard Acess Sys., Inc.*, 209 F.R.D. 363, 365 (E.D.Pa.2002). Rule 19, as well as the Federal Rules of Civil Procedure in general, recognize that courts and the public share an interest in "promoting trial convenience, expediting the settlement of disputes, and preventing multiple lawsuits." *Massaro*, 209 F.R.D. at 365 *(quoting Field v. Volkswagenwerk AG,* 626 F.2d 293, 299 (3d Cir.1980) *(modified on other grounds)*). Rule 19 serves as a valuable judicial tool to relieve the courts and the parties from the burdens of multiple litigation. Accordingly, the absent parties are "necessary" under Rule 19(a)(1)(B)(ii).

13

*(2) Is Smith indispensable under Rule 19(b)?*

Having determined the unnamed parties are necessary, it must next be determined whether the absent parties are "indispensable" under Rule 19(b). If this question is answered in the affirmative, the action cannot go forward. *Janney*, 11 F.3d at 404 (citing *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1053-54 (3d Cir.1988)).

Here, joinder is not "feasible" since Smith is a Pennsylvania citizen, and directing his joinder would defeat the court's diversity jurisdiction over the case. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941) (in order for a federal court to have jurisdiction in a diversity suit, complete diversity of citizenship must exist.). Because the joinder of Smith as a "necessary" party would divest the district court of subject matter jurisdiction inasmuch as total diversity would be lacking, it must be determined whether "in equity and good conscience" the action should proceed without him, or whether the court should dismiss it, "the absent person being thus regarded as indispensable." FRCP 19(b). To put another way, a finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction.

Rule 19(b) provides four factors that should be considered by the court in making the determination of whether to proceed or dismiss the action:

14

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FRCP 19 (b). While this list of factors is not an exhaustive, they are the most important factors. *See Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 640–41 (3d Cir.1998).

In support of his position, Breaux cites *Whyham v. Piper Aircraft*, 96 F.R.D. 557 (M.D. Pa. 1982). The *Whyham* case was brought by the administrator of the estate of a deceased pilot against the manufacturer of the airplane which had crashed. The airplane manufacturer moved for dismissal based on the plaintiff's failure to join the companies that owned and maintained the plane on the grounds that they were indispensable parties under Rule 19. The defendant asserted that the absent entitles potentially bore liability for damages recoverable by plaintiff.

In proceeding through the four factors, the *Whyham* court concluded that, without joinder, a judgment could prejudice both the defendant and the absent

15

companies. *Id*. at 562–63. Additionally, there was no modification of judgment that could adequately protect the defendant or absent parties from the potential prejudice that a judgment could generate; the interest in one final judgment addressing all interested parties' rights favored defendant's position; and that there was an adequate remedy in another forum if the action were dismissed. *Id*. at 563. Accordingly, *Whyham* court determined that the absent parties were indispensable and dismissed the action.

In addressing the four factors listed above and analogizing the present matter to the *Whyham* case, Breaux asserts that he risks being judged solely liable without Smith being a party to the action. The inclusion of Smith favors Breaux in that he can avoid inconsistent verdicts, betters his ability to present an adequate defense and prevents him from being forced to assume full liability. Breaux also contends that Smith and his employers may be prejudiced by a ruling in federal court in their absence that impacts the state court action. Finally, Breaux maintains that considerations to judicial economy as well as the availability of an alternate forum—state court, where there is already an action pending—support a finding that Smith is an indispensable party.

The determination of whether one is a indispensable party requires consideration of "plaintiff's interest in selecting the forum, defendant's interest in

avoiding multiple litigation, inconsistent relief for liability shared with others, the interest of absent yet necessary parties, and the interest of courts as well as the public in complete and effective settlement of controversies." *John Hancock Property & Casualty Co. v. Hanover Insurance Co.*, 859 F. Supp. 165, 168 (E.D. Pa.1994). Balancing these interests, Smith, his employers and/or the owners of the tractor-trailer are indispensable parties to this action. Because their joinder is not feasible, it is recommended that the motion to dismiss be granted. *See Whyham*, *supra* at 562 (noting that the very purpose of Rule 19, to settle a legal controversy in one action, and not through multiple litigation, "reflects the true interest of all litigants, both state and federal courts, and, indeed, the public itself.") (quoting *Federal Resources Corp v. Shoni Uranium Corp.*, 408 F.2d 875, 878 (10th Cir.1969)).

*(B) Lis pendens*

Breaux also maintains that the court should decline to entertain this action because of the pending state court action, asserting there could be inconsistent verdicts in the two matters. Pursuant to the doctrine of lis pendens, dismissal of a cause of action may be appropriate when the same parties are involved, the same rights are asserted, and identical relief is sought in another action. *Crutchfield v. Eaton Corp.*, 806 A.2d 1259, 1262 (Pa. Super.2002). The purpose of the lis

17

pendens doctrine is to protect a defendant from being forced to defend multiple suits on the same cause of action at the same time. *County of Dauphin v. City of Harrisburg*, 24 A.3d 1083 (Pa. Commw. Ct. 2011).

The question of whether lis pendens is an appropriate defense "is purely a question of law determinable from an inspection of the pleadings." *Davis Cookie Co., Inc. v. Wasley*, 389 Pa. Super. 112, 566 A.2d 870, 874 (Pa. Super Ct. 1989), quoting *Hessenbruch v. Markle*, 194 Pa. 581, 45 A. 669, 671 (1900). To determine if a party has successfully pleaded the defense of lis pendens, i.e., the pendency of a prior action, the court examines if both suits involved the same parties, the same causes of action, the same rights asserted, and the same relief requested. *PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc.*, 14 A.3d 831 (Pa. Super. Ct. 2010); *Commonwealth, Office of Atty. Gen. ex rel. Corbett v. Richmond Twp.*, 917 A.2d 397 (Pa. Commw. 2007); *Meinhart v. Heaster*, 622 A.2d 1380 (Pa. Super.1993).

Here, Breaux argues that the instant matter should be dismissed given the pending and parallel state court action. To the extent the state court pleadings are available, they indicate that the state action: arises from the events of November 19, 2009; is brought by Warren and Jane Choate as administrators of the estate of Brock Choate; and is brought against Shayne Breaux, as well as

18

Smith and the trucking companies which employ him. (Doc. 8-2). Thus, the doctrine of lis pendens arguably applies. However, in this case, the federal action was filed prior to the state action. Consequently, it is the state action in which lis pendens may be an applicable defense. *See McIlwain v. McIlwain*, 27 Som. L.J. 349 (Pa. Com. Pl. 1972) (because simultaneous litigation of two identical actions in different courts is forbidden, a later filed action will be abated in favor of the first if the question is timely and properly raised.); *Erie Ins. Exchange v. Gouse*, 5 Cumb. L.J. 81 (Pa. Com. Pl.1955) (a subsequent suit may be abated by an allegation of the pendency of a prior suit, but the converse of the proposition is, in personal actions, never true.); *Bank v. Teese*, 19 Phila. 311 (Pa. Com. Pl. 1888) (the pendency of a suit is a defense to a second action, between the same parties, for the same cause.).

Moreover, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910). A district court is given wide discretion in deciding whether it shall entertain a duplicative action. *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). For these reasons, the lis pendens defense is not applicable to this action.

*(C) Abstention*

"A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir.2005) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Supreme Court has recognized, however, that abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959); *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citation omitted). Thus, generally, "the pendency of an action in . . . state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction . . . ." *Id.* (citation omitted). Nonetheless, when there are concurrent state proceedings, in "exceptional"

20

circumstances, a district court may stay or dismiss a case for reasons of "wise judicial administration." *Id.* at 817-18.

Plaintiffs contend that abstention is inapplicable to this action. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712 (1996), the Supreme Court determined that the abstention doctrine does not apply to actions seeking common-law damages that are in federal court by way of diversity jurisdiction. *Id.* at 719-22. This holding stems from the principle that a federal court can only abstain from an action where it has discretion to grant or deny a remedy in the first place. *Id.* Because the present action is a diversity case seeking common-law damages, the *Quackenbush* decision is controlling and the abstention doctrine does not apply. Accordingly, the motion to dismiss should be denied as abstention is inapplicable to the present case.

## V. Recommendation

Based on the foregoing, it is respectfully recommended that defendant's motion to dismiss (Doc. 7) be granted for failure to join an indispensable party and be denied under the doctrines of lis pendens and abstention.

Signed on August 31, 2012.

_____
MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE